IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| v. § | Criminal Action No. H-93-4 |
| § | Civil Action No. H-06-162 |
| TIBERIO JESUS MEJIA, § | |
| § | |
| Defendant. § | |

## ORDER

Pending before the Court are Motion Under 28 U.S.C. Section 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Document No. 1, Criminal Document No. 205) filed by Tiberio Jesus Mejia and United States' Response and Motion to Dismiss Movant's 28 U.S.C. § 2255 Motion as Time Barred (Criminal Document No. 209). Having considered the motions, submissions, and applicable law, the Court determines that Mejia's motion should be denied and the United States' motion should be granted.

Petitioner Tiberio Jesus Mejia ("Mejia") files the instant motion under 28 U.S.C. § 2255 asserting the Court should vacate his sentence and he should receive a new sentence because of the Supreme Court decision in *United States v. Booker,* 543 U.S. 220 (2005). On July 27, 1993, the Court sentenced Mejia to 235 months imprisonment. The United States Court of Appeals for the Fifth Circuit dismissed Mejia's appeal on

May 19, 1994. On January 13, 2006, more than ten years after the Fifth Circuit dismissed his appeal, Mejia filed the instant motion under § 2255.

Mejia's Motion is Time-Barred

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for filing § 2255 motions. *See* 28 U.S.C. § 2255; *United States v. Jones,* 172 F.3d 381, 384 (5th Cir. 1999). Because Mejia was convicted prior to the enactment of the AEDPA, he had one year from the date of its enactment on April 24, 1996 to file his § 2255 motion. *See United States v. Flores,* 135 F.3d 1000, 1006 (5th Cir. 1998). Because Mejia filed the instant motion on January 13, 2006 - almost eight years after the one-year limitations period ran on April 24, 1997- his motion is time-barred. Accordingly, Mejia's motion must be dismissed.[1]

Mejia's Motion Fails Because *Booker* is Not Retroactive

Assuming, *arguendo,* the Court could consider Mejia's motion timely filed, his motion would nevertheless fail. Mejia's sole ground for filing the instant motion is his assertion that the Court should vacate his sentence because of the Supreme Court's recent decision in *Booker.* Mejia argues that *Booker* creates a new rule of constitutional law that applies retroactively to his sentence. However, the United

---

[1]The Court need not discuss equitable tolling as it applies to Mejia's motion because Mejia provides no explanation for his untimely filing and, accordingly, provides no basis for applying equitable tolling.

States Court of Appeals for the Fifth Circuit has expressly held that *Booker* is not retroactively applicable for the purposes of § 2255 motions. *United States v. Gentry,* 432 F.3d 600, 605 (5th Cir. 2005)("*Booker* does not apply retroactively on collateral review to an initial 28 U.S.C. § 2255 motion."); *see also In re Elwood,* 408 F.3d 211, 213 (5th Cir. 2005)("*Booker* does not apply retroactively on collateral review for purposes of a successive § 2255 motion."). Thus, Mejia's motion fails and must be dismissed. Given the foregoing, the Court hereby

ORDERS that Mejia's Motion Under 28 U.S.C. Section 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Document No. 1, Criminal Document No. 205) is DENIED. The Court further

ORDERS United States' Response and Motion to Dismiss Movant's 28 U.S.C. § 2255 Motion as Time Barred (Criminal Document No. 209) is GRANTED. All Mejia's claims in his § 2255 motion are DISMISSED.

SIGNED at Houston, Texas, on this 14th day of March, 2006.

_David Hittner_

DAVID HITTNER

United States District Judge